STATE OF MAINE
ANDROSCOGGIN, SS.

RECEIVED & FILED

DEC 18 2000

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No.  AP-00-15
SKS -AND- 12/18/2000

DEBORAH A. DARGIE,

Plaintiff/Appellee

v.

**DECISION ON APPEAL**

ROGER A. DARGIE,

Defendant/APPELLANT

This matter came on for hearing before the court on appeal of the District Court's divorce judgment dated March 6, 2000.  The appellant assigns various grounds for the appeal which will be considered separately below.

## I.  FAILURE TO MAKE ADDITIONAL FINDINGS OF FACT

Following the divorce judgment, the appellant filed a motion for findings of fact and conclusions of law and to amend the judgment.  This was a bare motion unaccompanied by any specific requested findings or designated areas of concern, though the appellant later filed a supplemental memorandum in support of the motions.  The trial court considered the motions and reviewed its own decision, subsequently determining that it had already issued appropriate findings of fact and conclusions of law sufficient to form a basis for appeal.  The appellant argues that the court committed error when it failed to grant his Rule 52 request other than amending the age of the parties' minor child.

The trial court's decision consisted of thirty-five pages of very specific and detailed findings of fact and conclusions of law.  Pursuant to M.R. Civ. P. 52, "If an

DONALD L. GARBRECHT
LAW LIBRARY

DEC 28 2000

opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein." The trial court stated in its decision that it felt the original findings and conclusions were sufficient for appellate review, and this court agrees. The fact that the court did not make all the findings requested by the appellant or made findings contrary to those requested, does not mean that it shirked its obligation under Rule 52.

## II. RESPECTIVE INCOMES OF THE PARTIES

The appellant claims that the trial court erred in determining the appellee's income by failure to consider interest on property settlement payments as income, by not including any imputed income from the $150,000 insurance proceeds appellee received upon the death of her father and by failing to make findings with regard to the number of hours each party worked. As to the first point, the interest on the payment the appellant is required to make to the appellee is simply to protect that amount from the erosion of inflation. If the appellant chooses to pay the promissory note before the end of the five year period, there would be no interest. Therefore, payment of this interest is completely within the control of the appellant and should not be considered as income to the appellee.

As to the second point, the court did not abuse its discretion or make findings unsupported by the evidence when it did not include any imputed income from the life insurance proceeds. Contrary to appellant's argument, 19-A M.R.S.A. § 2007(3)(N) does not require the court to impute any income to nonincome-

2

producing assets; it merely authorizes the court to do so to justify deviation from the support guidelines, if it concludes such deviation is appropriate. The court did not abuse its discretion by failing to impute such income.

As to the third point, the court finds substantial evidence in the record and affidavits to support the trial court's findings with regard to the incomes of both parties.

### III. DIVISION OF MARITAL PROPERTY

The appellant next argues that the court abused its discretion in making a division of marital property which substantially favors the appellee. Since there can be no question that the court has the statutory authority to make an equitable division of property, which does not have to be equal (19-A M.R.S.A. § 953(1)), the appellant can only argue that this discretion was abused. Looking at the court's entire scheme of division of marital property, it is clear that the major reason for the fairly substantial difference in the award between the parties is the result of the court's award to the appellee of the entire $150,000 proceeds from her late father's insurance policy, of which she was the sole beneficiary. If the proceeds of the insurance policy had been a bequest or devise from appellee's father to her, this would have been her nonmarital property. 19-A M.R.S.A. § 953(2)(A). However, because these were insurance proceeds, the trial court correctly designated them as part of the marital estate, but then determined that after considering all of the circumstances, including the reason and intention behind the insurance policy, the

3

entire proceeds would be awarded justly to the appellee. The court adequately set forth its rationale, and this court cannot conclude that it was an abuse of discretion.

## IV. SPOUSAL SUPPORT

In awarding spousal support, the trial court specifically acknowledged it reviewed the statutorily required factors set forth in 19-A M.R.S.A. § 951(1) (miscited in the judgment). The court was not required to make separate findings as to each one of these factors. The court's award of $150 per week in spousal support, limited to a period of five years, was not an abuse of discretion. Despite the division of marital property favoring the appellee, the evidence supports the court's finding that the appellant's income producing ability greatly exceeds that of the appellee.

## V. ATTORNEY'S FEES

The trial court's award of $4,000 toward the appellee's attorney fees is within the court's discretion after considering the ability of each party to absorb the costs of litigation. The disparity in the parties' earning potential supports this discretionary award. There was no abuse of discretion.

## VI. BOAT EFFECTS

Finally, appellant argues that the court erred by failing to specifically award personal property or effects which were at one time located on the parties cabin cruiser. Implicit in the court's findings that "[t]he plaintiff 'cleaned' out personal items from the boat," is its award of those items to the appellee. From the record it appears that these items were not of any substantial value, were not integral to the

boat's operation and would not prevent the appellant from selling the cruiser. The court finds no error or abuse of discretion.

For the reasons stated above, the entry will be:

Appeal denied. Remanded to the District Court.

DATED: December 15, 2000

S. Kirk Studstrup
Justice, Superior Court

Coleman Cayne Jr. Pl.

Ronald Rubel Def.